**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 07-cv-02184-EWN-BNB

DEL L. CREASON

        Plaintiff,

v.

CONNECTICUT VALLEY ARMS, INC.;
D.C. 1980, INC., f/k/a/ CONNECTICUT VALLEY ARMS, INC.;
BLACKPOWDER PRODUCTS, INC.;
DIKAR, S. COOP., LTDA,

        Defendants.

---

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

---

In order to preserve and maintain the confidentiality of certain documents to be produced by D.C. 1980, Inc., f/k/a Connecticut Valley Arms, Inc., and Dikar S. Coop., LTDA (collectively, "Defendants") it is agreed that:

WHEREAS, documents or information containing confidential, proprietary, trade secret, or other private scientific, business, commercial or financial information; or information obtained by a party from other litigation or claims in which such party was named, whether or not described in Rule 26(c)7 of the Federal Rules of Civil Procedure have been requested and may be produced or disclosed during the course of discovery in this litigation; and

WHEREAS, disclosure of such information may be injurious to Defendants placing them as to a competitive disadvantage within the industry; and

WHEREAS, in order to protect the respective interests of the parties, to facilitate the progress of discovery in this case, and for good cause shown, the Court finds that the following Order should be issued:

1.      Documents to be produced by a party during discovery in this litigation which are, or contain information above described are hereafter referred to as "Confidential" or "Protected" documents.  Except as otherwise indicated below, all documents designated as "Confidential" that are produced or delivered to the opposing party or their attorneys, consultants, agents, or experts in this action shall be protected documents and be given confidential treatment as described below.

2.      Protected documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any government entity without request for confidential treatment.

3.      A party may object to the designation of particular "Confidential" document or information by giving written notice to the party designating the disputed information.  Since parties anticipate a substantial number of documents for production, and to limit unreasonable burden on either parties and/or the Court, the objecting party shall specifically identify the objected to confidential information or document by referring to the specific bates number, date, and description of the document or information, and shall state the reason for objecting to the designation of the particular "Confidential" document or information.  If the parties cannot resolve the objection within thirty (30) business days after the time the notice is received, it shall be the obligation of the party designating the information as "Confidential" to file an

appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as "Confidential" shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

4.      Protected documents and the material contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone except as provided below:

A. Except with the prior written consent of the producing party or upon further orders of this Court, confidential or protected documents shall only be provided to:

(i)  Parties and their counsel of record in this action;

(ii) Employees of such counsel assigned to and necessary to assist such counsel in the preparation of trial of this action;

(iii)    Independent experts and consultants retained by parties whose assistance is necessary for the preparation of trial of this specific action, who have prior to disclosure of confidential and protected documents fully executed the Affidavit that is attached hereto as Exhibit "A"; and

(iv) The Court (including clerk, court personnel, and the jury).

5.      Before being given access to any confidential or protected document the persons above described under subparagraph 4A(iii) above shall be advised of the terms of this Order, shall be given a copy of this Order, and shall execute the Affidavit attached as Exhibit "A" hereto, and agree to be bound by this and its terms. Upon Defendant's request on a reasonable belief that the terms and provisions of this Order have been or in jeopardy of being violated or for good cause shown, Plaintiff's counsel shall provide within three (3) business days a copy of a log of each such person to whom such information or document has been disclosed, together with copies of the Affidavit executed by such persons.

6.      The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any documents or things, or any transcript, in whole or in part, or such document or thing, or any notes or media prepared which contain any confidential material, document, or information or reference thereto.

7.      To the extent that confidential or protected documents or information obtained therefrom are used in the taking of depositions and/or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with the confidential or protected documents or information.

8.      All documents that are filed with the Court that contain any portion of any confidential or protected document or information taken from any Protected Document shall be filed in a sealed envelope or other appropriate sealed container filed consistent with D.C. Colo. Civ.R. 7.3.

9.      Any court reporter or transcriber who reports or transcribed testimony in this action shall agree that all confidential information designated as such under this Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

10.     Inadvertent or unintentional production of documents or information containing information which should have been designated "confidential" shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.

11.     The parties shall not disclose or use for any purpose whatsoever, other than exclusively for this litigation, any confidential or protected information contained therein.  The provisions of this Order shall govern disclosure and use of confidential information during all phases of litigation, including trial and appeal.  No party may be relieved from the provisions hereof except by order of the Court then having jurisdiction of this action.  Nothing in this Order will prejudice any party from seeking amendments modifying the rights of access to and use of confidential information or making other modifications.  Plaintiff shall not under any circumstances sell, offer for sale, advertise, or publicize the contents of confidential or protected documents, or the existence thereof.

12.     After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.

13.     Within ten (10) days following the final resolution of this action, the parties shall confer for the purposes of agreeing to return all confidential information, including all copies, summaries, descriptions, charts, and notes made therefrom, to the

producing party. The representation that all confidential information in whatever form, and all copies thereof, is being returned or by agreement destroyed, and the receipt of returned confidential information, shall be affirmed in writing by counsel returning such information/documents, and acknowledged in writing by the recipient.

14. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

Dated April 18, 2008.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

**APPROVED AS TO FORM AND CONTENT:**

MONTGOMERY, KOLODNY,         FOGEL KEATING WAGNER
AMATUZIO & DUSBABEK, L.L.P.     POLIDORI & SHAFNER PC

  s/Lori K. Bell                   s/Michael O'Brien Keating
Kevin F. Amatuzio                Michael O'Brien Keating
Lori K. Bell                      1290 Broadway, Suite 600
1775 Sherman Street, 21st Floor    Denver, Colorado  80203
Denver, Colorado  80203        Telephone:  303-534-0401
Telephone:  303.592-6600       mobkeating@fkwlaw.com
kamatuzio@mkadlaw.com
lbell@mkadlaw.com

James E. Singer
Bovis, Kyle & Burch, LLC
53 Perimeter Center East, 3d Floor
Atlanta, Georgia 30346-2295
jes@boviskyle.net
ATTORNEYS FOR DEFENDANT,    ATTORNEYS FOR PLAINTIFF,
DIKAR S. COOP., LTDA         DEL L. CREASON

# EXHIBIT "A"

## AFFIDAVIT OF DISCLOSURE

I, _____, being duly sworn do depose and state as follows:

1. I am employed by_____ as _____

_____; or

   I am self-employed as _____.

2. The address of my place of employment/business is: _____

_____.

3. I have read and I understand the Confidentiality and Protective Order executed by the Court in the action of ***Del L. Creason v. D.C. 1980, Inc., f/k/a Connecticut Valley Arms, Inc.; and Dikar S. Coop. LTDA, In The United States District Court for the District of Colorado, Civil Action No. 07-cv-02184-WEN-BNB***, pertaining to confidential information and documents produced in the above-named action.

4. I specifically understand and agree that under the terms of the Order I must not and will not disclose or use for any purpose whatsoever, other than exclusively my work in the above referenced litigation, any confidential or protected documents, or any information contained therein.

5. In the event I am provided a copy of any confidential documents, or information from any protected document, I agree to maintain exclusive control of any such document and information and all copies, to use them exclusively in the preparation of my work in the above-named case, and not to disclose either the existence of any confidential document or information therein, or the contents of any confidential information or document, to any other person or business entity whatsoever. In addition, I agree to return all such

documents, as well as notes reflecting the contents of any confidential information or documents, to the law firm disclosing such protected documents to me upon demand, and to otherwise fully comply with the terms of the Order, and particularly to return all copies, notes, and printed material of any kind whatsoever of confidential information, upon the conclusion of the case.

6. I further recognize that the damage to a producing party in the event the terms of the Confidentiality and Protective Order is breached may be difficult to ascertain, and an injunction would be an appropriate remedy in part. In consideration of being allowed access to the confidential information in the above matter, I therefore hereby consent to jurisdiction and venue of any court of competent jurisdiction in the United States, state or federal, and in particular a state or federal court in the state where the above action is pending, where I reside, where any counsel for Plaintiffs or other attorney providing information to me resides, and in the state where the Defendant or other party initially producing the confidential information resides.

7. I have read and I understand this Affidavit and agree to abide by its terms.

By:_____

Dated:_____

SWORN AND SUBSCRIBED to before me
This _____ day of _____, 2008.

_____
NOTARY PUBLIC

My commission expires:_____